**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KAITLYNN HANSLIK and SAMANTHA JOHNSON, on behalf of themselves and all others similarly situated, | : : : : : |
| Plaintiffs, | : |
| v. | : |
| | : |
| SAFE CLEAN dba MECK MILLER Co., 1101 Glen Drive NE New Philadelphia OH 44663, | : : : : : |
| and | : |
| | : |
| JAMES MECK, 1101 Glen Drive NE New Philadelphia OH 44663, | : : : : |
| Defendants. | : |

CASE NO.:

JUDGE:

MAGISTRATE JUDGE:

**JURY TRIAL DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Kaitlynn Hanslik, and Named Plaintiff Samantha Johnson ("Named Plaintiffs") on behalf of themselves and all current and former non-exempt employees (hereinafter "Named Plaintiffs and the Putative Plaintiffs") who worked for Safe Clean, d/b/a Meck Miller Co and/or Safe Clean Maid Services, as well as owner and operator of Safe Clean, James Meck ("Defendant Meck") (collectively, "Defendants"), at any time from approximately three years before the date that conditional certification is granted through the final disposition of this matter, file this collective action against Defendants to recover compensation, liquidated damages, treble damages, and attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), the Ohio Constitution, Art. II Section 34a, Ohio Minimum Fair Wage Standards Act. O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the

Ohio Prompt Pay Act ("the OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA wage claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state law wage claims are asserted under O.R.C § 4111.14(K).

Further, Named Plaintiff Hanslik brings an action for herself seeking economic, compensatory, emotional stress, punitive damages, and declaratory and injunctive relief arising out of unlawful retaliation, in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3) and the anti-retaliation provision under Section 34(a) of the State of Ohio's Constitution, by the Defendants against her when they terminated her because of her protected activity in complaining about pay practices and indicating that she was going to file a complaint with the Department of Labor in court with a private attorney.

The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

I.  INTRODUCTION

1.  Named Plaintiffs and the Putative Plaintiffs seek to recover unpaid wages and unpaid overtime wages that Defendants owe them and have failed to pay, in violation of the FLSA, the Ohio Constitution and the Ohio Acts.

2.  Accordingly, Named Plaintiffs bring this action, on behalf of themselves and all current and former non-exempt employees who worked for Defendants at any time from approximately three years before the date conditional certification is granted through the final disposition of this matter, to recover unpaid minimum wages and related damages.

3.  Named Plaintiffs also pray that all similarly situated Cleaners ("Putative Plaintiffs") be notified of the pendency of this action to apprise them of their rights and provide them an

opportunity to opt-in to this lawsuit.

4. Named Plaintiffs also pray that the Collective Action is certified pursuant to Section 216(b) of the FLSA and Section 4111.14(k) of the Ohio Wage act and the Ohio Constitution.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1337(a) (statutory regulation of commerce); and 29 U.S.C. § 216 (b).

6. This Court has supplemental jurisdiction over the Ohio Constitutional, Ohio Wage Act and OPPA claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' and Putative Plaintiffs' claims under the FLSA that they form part of the same controversy.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because a substantial part of the unlawful conduct described herein occurred within this district and Defendants' place of business resides in this district.

## III. PARTIES

8. Plaintiff Hanslik is a resident of Uhrichsville, OH and was employed by Defendants as a residential and commercial cleaner from on or about February 28, 2022, until her wrongful termination on April 11, 2022. Plaintiff Hanslik has given her written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Her consent to join as a plaintiff is attached as **Exhibit A**.

9. Plaintiff Samantha Johnson is a resident of Bowerston, OH and was employed by Defendants as a residential and commercial cleaner from on or about February 11, 2021. Plaintiff Johnson has given her written consent to bring this action to collect unpaid wages under the FLSA

and the Ohio Wage Acts. Her consent to join as a plaintiff is attached as **Exhibit B**.

10. The Putative Members ("Putative Plaintiffs") are those current and former employees employed by the Defendants as cleaners at any time from approximately three years before the date the conditional certification is granted, through the final disposition of this matter and who have been subjected to the same illegal pay system under which Named Plaintiffs worked and were paid.

11. At all times material to this Complaint, Defendant Safe Clean was an Ohio Corporation For-Profit, operating a place of business in the City of New Philadelphia, Ohio.

12. Defendant Meck is a resident of New Philadelphia, OH and is the owner and operator of Safe Clean. Defendant Meck was intimately involved with running Defendant Safe Clean's day-to-day operations and implementing decisions regarding paying wages and terminations. Defendant Meck also created and implemented the pay policies implemented at Safe Clean.

13. Defendants currently employ approximately 20-25 cleaners and 10 office staff members.

**IV. STATEMENT OF FACTS AS THE NAMED PLAINTIFFS AND THE PUTATIVE PLAINTIFFS**

14. During all times material to this Complaint, Defendants acted directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Putative Plaintiffs.

15. During all times material to this complaint, Defendants were "employers" within the meaning of the FLSA, the Ohio Constitution, and the Ohio Acts.

16. During all times material to this Complaint, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 30(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in

commerce or in the production of goods for commerce, or have had employees handling, selling, otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in those said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs have been Defendants' employees pursuant the FLSA, the Ohio Constitution, and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. On February 28, 2021, Defendants hired Named Plaintiff Kaitlynn Hanslik to work as a residential and commercial cleaner.

19. On February 11, Defendants hired Named Plaintiff Samantha Johnson to work as a residential and commercial cleaner.

20. As residential and commercial cleaners, Named Plaintiffs and the Putative Plaintiffs' primary job duties were to: 1. Perform commercial cleaning services, 2. Perform Residential cleaning services, 3. Complete pre and post shift activities required before and after a cleaning shift.

21. The Named Plaintiffs and Putative Plaintiffs are hourly, non-exempt employees.

22. Named Plaintiffs and the Putative Plaintiffs wore Defendants' supplied uniforms, drove the Defendants' van, and used Defendants' supplied tools and cleaning materials while performing employment duties.

23. At all relevant times, Defendants, directly or indirectly, exercised significant control over the wages, hours, and working conditions of the Named Plaintiffs and Putative Plaintiffs.

24. Defendants controlled the Named Plaintiffs' and Putative Plaintiffs' schedules, manners of work, and job assignments.

25. Named Plaintiffs' and the Putative Plaintiffs' shifts were regularly scheduled, by the Defendants, at varying times throughout the day depending on the needs of any of Defendants' various clients.

26. During relevant times, Defendants adhered throughout their operations to the common business practice of requiring non-exempt employees who were responsible for the cleaning duties, like Named Plaintiffs and those similarly situated to them, to arrive at Defendant's principal place of business before their scheduled shift.

27. During such times, Defendants required Named Plaintiffs and Putative Class Members to perform necessary and important tasks which were integral and indispensable to their principal activities during that time.

28. Defendants required the Named Plaintiffs and Putative Class Members to track their hours through an electronic application called "Connect Teams" where they manually log in and out.

29. Defendants controlled the hours the named Plaintiffs and Putative Class Members' hours worked though "Connect Teams" by instructing them when they were permitted to log in and when they had to log out each day.

30. Named Plaintiffs' and Putative Class Members' primary job duties included, but were not limited to, stocking work vehicles, performing preparation duties, completing paperwork, doing laundry in order to carry out their cleaning responsibilities, among other tasks prior to driving to their first job cleaning assignment.

31. After stocking their work vehicle, Named Plaintiffs and Putative Class Members

job duties included driving Defendants' work vehicle to the first cleaning job assignment.

32. Defendants willfully only recorded Named Plaintiffs' and Putative Class Members' compensable time when they arrived at the Defendants' customer's location by instructing them that they could not log in Connect Teams for any time they worked prior to arriving at Defendants' customer's location.

33. Defendants willfully only recorded Named Plaintiffs' and Putative Class Members' compensable time until they left the Defendants' customer's location by instructing them that they were required to log out of Connect Teams when they finished working the location, drive to their next job assignment and then log back into Connect Teams when they arrived.

34. Defendants willfully did not pay for Named Plaintiffs' and Putative Class Members' compensable drive time between Defendants' customer's location which occurred all in a day's work.

35. After completing their last cleaning assignment, Defendants required Named Plaintiffs and the Putative Plaintiffs to travel back to the Defendants' place of business where they would perform other necessary indispensable tasks, such as filing paperwork, returning all cleaning supplies, and stocking materials for the next day.

36. Defendants willfully did not pay for the time Named Plaintiffs and Putative Plaintiffs were required to perform when they arrived at the Defendants' place of business at the end of their day by requiring them to log out of Connect Teams when they finished their tasks at the last assigned location before they drove.

37. Pursuant to Defendants' pay policies, the cleaners, including, Named Plaintiffs and Putative Class Members, were only paid for hours worked at each cleaning job assignment.

38. Notably, Named Plaintiffs and Putative Class Members were not paid for any hours

worked outside of time spent cleaning at each job assignment, including, but not limited to the time spent working at Defendants' principal place of business before and after job assignments, the time spent traveling between consecutive job assignments, the time spent traveling to and from Defendants' principal place of business from their job assignments, and other relevant times.

39. Upon information and belief, cleaners made numerous complaints to Defendants regarding not being paid for their hours worked.

40. On one occasion, Defendant Meck told cleaners they would not be paid for their commute times traveling between cleaning sites or for the time spent performing work at Defendants' principal place of business prior to job assignments.

41. Then, around approximately mid-March or early April of 2022, Defendants changed their worktime pay procedures to pay its cleaners for time spent traveling between sites.

42. However, Defendants' policies of failing to pay its cleaners, including Named Plaintiff and Putative Class Members, for all hours worked before and after their job assignments, such as the time spent performing the necessary and indefensible tasks at Defendants' principal place of business.

43. As a direct result of this failure to compensate Named Plaintiffs and other Putative Plaintiffs for all hours worked, Named Plaintiffs and other Putative Plaintiffs were not paid at least the federal and Ohio minimum wage rate for all hours worked.

44. As a result of Defendants' misclassification, Named Plaintiff and Putative Class Members were also not paid one and one-half their regular rate of pay for all hours worked in excess of forty hours in a workweek.

45. Named Plaintiffs and Putative Plaintiffs are not in a job classification and do not perform job duties which are exempt from the mandate under the FLSA, the Ohio Constitution,

and/or the Ohio Wage Act to pay at least the minimum wage for all hours worked and/or overtime.

46. Defendants knowingly, willfully, or with reckless disregard conducted their illegal pattern or practice of failing to pay overtime wages with respect to Named Plaintiffs and the Putative Plaintiffs in this action.

## V. FACTS AS TO NAMED PLAINTIFF'S RETALIATION CLAIM

47. Named Plaintiffs and, upon information and belief, other Putative Plaintiffs made complaints to Defendant Meck and Defendant Safe Clean's office manager, Tracy Guinn about unpaid wages.

48. Despite their complaints, Named Plaintiffs and the Putative Plaintiffs were never paid wages owed.

49. However, in mid-March or early April of 2022, Defendant Meck required all employees to attend a meeting wherein he advised that he would be changing several pay policies.

50. Although pay policies were changed, Named Plaintiffs and the Putative Plaintiffs were still not being paid nor reimbursed wages for all hours worked.

51. Thereafter, Named Plaintiffs began to contemplate pursuing wages owed by initiating a lawsuit or filing an administrative complaint with the Department of Labor.

52. Named Plaintiff Hanslik first discussed her contemplations with a colleague on April 11, 2022.

53. Later in the evening on that same day, Defendant Meck then initiated a phone call to Named Plaintiff Hanslik and directly asked her if she was considering bringing a lawsuit or pursuing a claim against Defendants for wages owed.

54. Named Plaintiff Hanslik answered in the affirmative and again expressed her concerns over unpaid wages for hours worked.

55. Upon answering in the affirmative, Defendant Meck immediately indicated that he "did not want to have to do this," but he was "going to have to let her go" ultimately discharging Named Plaintiff Hanslik from employment because she complained about how she was being paid and contemplating legal action.

56. Defendant Meck later cited to performance issues as being the reason for Named Plaintiff Hanslik's termination. However, Defendant Meck's alleged reason for terminating Plaintiff was false, and a pretext designed to conceal its real reason for termination Plaintiff, which was discriminatory and in retaliation of her contemplation of filing suit or a complaint with the Department of Labor and or seeking her own legal counsel for unpaid wages.

## VI. CAUSES OF ACTION

### A. FLSA COLLECTIVE ALLEGATIONS

57. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

58. The FLSA Collective is defined as

> **All current or former cleaners who have been employed by Safe Clean, d/b/a Meck Miller Co and/or Safe Clean Maid Services, at any time from three years before conditional certification is granted, through the final disposition of this matter ("FLSA Collective" or "FLSA Collective Members").**

59. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

60. During all times material to this Complaint, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 30(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling,

otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in those said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

61. During the respective period of Named Plaintiffs and the FLSA Collective Members' employment with Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described Named Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

64. The proposed class of similarly situated employees, i.e., Putative Plaintiffs, sought to be certified pursuant to 29 U.S.C. §216(b), is defined above.

65. The precise size and identity of the proposed class should be ascertainable from business records, tax records, and/or employee and personnel records of Defendants.

66. Collective action treatment of Named Plaintiffs and the FLSA Collective Member's claim is appropriate because Named Plaintiffs and the FLSA Collective Members have been subjected to the common business practice referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages and statutory minimum wages.

67. Further, Named Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiffs and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

68. Named Plaintiffs and the FLSA Collective Members have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

69. Named Plaintiffs are similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

70. Named Plaintiffs intend to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' records.

**COUNT I:**
**FAIR LABOR STANDARDS ACT ("FLSA")**
**FAILURE TO PAY MINIMUM WAGE**

71. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

72. During all time relevant to this Complaint, Defendants were and are the employers of Named Plaintiffs and FLSA Collective Members within the meaning of 29 U.S.C. §203 (d).

73. During all time relevant to this Complaint, Named Plaintiffs and the FLSA Collective Members were employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

74. During all time relevant to this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members within the meaning of 29 U.S.C §203(g).

75. During all time relevant to this Complaint, Defendants are employers subject to the FLSA.

76. At all times relevant to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

77. Named Plaintiffs and the FLSA Collective Members were not employed by Defendants in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA to pay at least the minimum wage and/or overtime

78. At all times relevant to this Complaint, Defendants failed to pay Named Plaintiffs and the FLSA Collective Members the minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

79. Because Defendants failure to pay such wages was willful pursuant to 29 U.S.C. § 255(a), Named Plaintiffs and the FLSA Collective Members are entitled to these wages dating back three (3) years.

80. Defendants had no good faith basis for failing to pay Named Plaintiffs and the FLSA Collective Members the lawful minimum wage rates while Named Plaintiffs and the FLSA Collective Members were employees nor was Defendants' failure based on a belief that such failure was not in violation of the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiffs and the FLSA Collective Members are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid, attorneys fees and costs.

**COUNT II:**
**VIOLATIONS OF ARTICLE II, SECTION 34 A OF THE OHIO**
**CONSTITUTION AND O.R.C. 4111 FOR FAILURE TO PAY THE OHIO**
**MINIMUM WAGE**

81. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

82. Named Plaintiffs and the FLSA Collective Members were employed by Defendants

in the State of Ohio and subject to the Ohio Constitution and the Ohio Acts.

83. Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

84. At all times relevant to this Complaint in 2020, the Ohio minimum wage for non-exempt employees was $8.70 per hour.

85. At all times relevant to this Complaint in 2021, the Ohio minimum wage for non-exempt employees was $8.80 per hour.

86. At all times relevant to this Complaint in 2022, the Ohio minimum wage for non-exempt employees was $9.30 per hour.

87. At all times relevant to this Complaint, Named Plaintiffs and the FLSA Collective Members were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

88. At all times relevant to this Compliant, Defendants were an employer covered by Section 34a of the Ohio Constitution and have thus been required to comply with its mandates.

89. At all times relevant to this Complaint, Named Plaintiffs and the FLSA Collective Members were covered employees of Defendants pursuant to Section 34a of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

90. Named Plaintiffs and the FLSA Collective Members were not employed by Defendants in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the minimum wage and/or overtime.

91. Defendants violated the Ohio Constitution and the Ohio Wage Act by refusing to pay Named Plaintiffs and the FLSA Collective Members the statutorily mandated minimum wage for all hours worked.

92. In violating the Ohio Constitution and/or the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable Ohio Law.

### COUNT III
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES

93. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

94. Named Plaintiffs and the FLSA Collective Members were employed by Defendants in the State of Ohio and subject to the OPPA.

95. During all relevant times, Defendants have been covered by the OPPA and Named Plaintiffs and the FLSA Collective Members have been employed by Defendants within the meaning of the OPPA.

96. The OPPA requires Defendants to pay Named Plaintiffs and the Putative FLSA Collective Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. R.C. § 4113.15(A).

97. During all relevant times to this action, Named Plaintiffs and the Putative FLSA Collective Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

98. The wages of Named Plaintiffs and the Putative FLSA Collective Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

99. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

### COUNT IV
### UNLAWFUL RETALIATION IN VIOLATION
### OF THE FLSA's ANTI-RETALIATION PROVISION,
### 29 U.S.C. § 215(a)(3) AS TO NAMED PLAINTIFF

100. All of the preceding paragraphs are realleged as if fully rewritten herein.

101. Named Plaintiff Hanslik's claim is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215(a)(3), which prohibits retaliation against an employee because she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA, or "has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

102. Named Plaintiff Hanslik's prior internal complaints regarding unpaid wages to Defendants and affirmation to Defendant Meck that Named Plaintiff Hanslik was about to bring a lawsuit or file a complaint with the Department of Labor or private counsel for unpaid wages against Defendants constituted protected activity.

103. Defendants knew that Named Plaintiffs and other Putative Plaintiffs engaged in such protected activity.

104. As a result of Named Plaintiff Hanslik's engagement in such protected activity, Defendants discriminated against and discharged her from employment causing her to suffer an adverse employment action denying her the salary, benefits, and other terms, privileges, and conditions of employment for which Defendants are liable.

105. As a direct and proximate result of Defendants' willful and intentional conduct, Named Plaintiff Hanslik has suffered and continues to suffer damages in an amount not presently ascertainable.

Accordingly, Named Plaintiff Hanslik seeks liquidated damages, punitive damages, interest, and attorneys' fees, and all other remedies available, as a result of Defendants' retaliation of violation of the FLSA.

### COUNT V
### UNLAWFUL RETALIATION IN VIOLATION SECTION 34(A) OF THE OHIO CONSTITUTION AS TO THE NAMED PLAINTIFF

106. All of the preceding paragraphs are realleged as if fully rewritten herein.

107. This claim is brought pursuant to the Ohio Minimum Fair Wage Standards Act, codified in Chapter 4111 of the Ohio Revised Code, which prohibits retaliation against an employee because she "has made any complaint or is about to cause to be instituted any proceeding under or related to" the rights contained in the Ohio Minimum Fair Wage Standards Act.

108. Named Plaintiff Hanslik and other Putative Plaintiffs engaged in such protected activity.

109. As a result of Named Plaintiff Hanslik's engagement in such protected activity, Defendants discriminated against and discharged her from employment causing her to suffer an adverse employment action denying her the salary, benefits, and other terms, privileges, and conditions of employment for which Defendants are liable.

110. As a direct and proximate result of Defendants' willful and intentional conduct, Named Plaintiff Hanslik has suffered and continues to suffer damages in an amount not presently ascertainable.

111. Accordingly, Named Plaintiff Hanslik seeks liquidated damages, punitive damages, interest, and attorneys' fees, and all other remedies available, as a result of Defendants' retaliation of violation of the Ohio Minimum Fair Wage Standards Act.

## COUNT VI
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

112. All of the preceding paragraphs are realleged as if fully rewritten herein.

113. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

114. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the FLSA Collective members have been injured as a result.

115. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

116. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs and the Putative Plaintiffs are entitled to and pray for the following relief:

A. For an Order certifying the FLSA Collective Class as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. Designating Named Plaintiffs as a representative for the FLSA Collective Class and the Ohio Acts Class and designating Named Plaintiffs' counsel as counsel for the Collective.

C. Issuing proper notice to the class at Defendants' expense;

D. Expectation and damages for all missed payments taken from or applied to

Named Plaintiffs and the Putative Plaintiffs' pay;

  E. An order awarding Named Plaintiffs and the FLSA Collective Members all unpaid minimum wages and additional damages as set out by the FLSA, the Ohio Constitution, and the Ohio Wage Act, to the extent not .

  F. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Named Plaintiffs and the FLSA Collective Members and deter future violations by the Defendants of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

  G. Awarding Named Plaintiffs and the FLSA Collective Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

  H. An order enjoining Defendants from retaliating, via discrimination, against Named Plaintiffs, the FLSA Collective Members, and the FLSA Collective Members for their engaging in the protected action of complaining about pay practices;

  I. Declare that the Defendants violated the FLSA's anti-retaliation provision under Section § 215(a)(3) and Ohio's anti-retaliation provision under Section 34(a) of the Ohio Constitution as to Named Plaintiff Hanslik;

  J. Award Named Plaintiff Hanslik economic damages for backpay and front pay;

  K. Award Named Plaintiff Hanslik liquidated damages equal to the amount of backpay and front pay and compensatory and punitive damages;

  L. Award Named Plaintiff Hanslik damages for emotional distress caused by the retaliation;

  M. Compensatory and punitive damages under O.R.C. § 2307.60;

N.       An order awarding attorney's fees and costs;

O.       Pre- and post-judgment interest at the statutory rate; and

P.       Any other relief to which Named Plaintiffs and the FLSA Collective Members may be entitled.

Dated: December 22, 2022.

Respectfully Submitted,

**BRIAN G. MILLER CO., L.P.A**

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone:    (614) 221-4035
Facsimile:    (614) 987-7841
Email:    als@bgmillerlaw.com

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (0055214)
Jacob Mikalov (0102121)
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Trial Attorneys for Plaintiffs*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands a jury to hear the within cause.

Adam L. Slone (0093440)
Trial Attorney for Plaintiffs