IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAITLYNN HANSLIK, *et al.*, on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : : | Case No. 5:22-CV-2304 |
| v. | : : | Judge Charles E. Fleming |
| SAFE CLEAN dba MECK MILLER CO., *et al.*, | : : : : | |
| Defendants. | : | |

**ORDER APPROVING SETTLEMENT AND ENTRY OF DISMISSAL**

**AND NOW**, this 2nd day of May, 2023, upon consideration of the Parties' Joint Motion for Approval of Settlement (the "Motion"), (Doc. 12), the accompanying "Settlement Agreement," (ECF No. 12-1) the accompanying Declaration of Jacob Mikalov, (ECF No. 12-3) the accompanying Declaration of Adam Slone, (ECF No. 12-4), and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement reached between Plaintiffs Kaitlynn Hanslik ("Plaintiff Hanslik"), Samantha Johnson ("Plaintiff Johnson") (collectively, the "Named Plaintiffs"), Opt-In Plaintiffs Kayla Stalnaker and Misti Pittman (collectively, the "Opt-In Plaintiffs) and Meck Miller Co. dba Safe Clean ("Defendant Safe Clean") and James Meck ("Defendant Meck") (collectively, "Defendants"), which includes claims under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 alleging violations of the Fair labor Standards Act ("FLSA"), the Ohio Wage Act ("OWA"), Article II, Section 34A of the Ohio Constitution, and the Ohio Prompt Pay Act ("OPPA") and other claims is **APPROVED**.

This Court reviews FLSA settlements to ensure that (i) "the settlement resolves a bona fide dispute under the FLSA"; and (ii) that the settlement is "fair, reasonable, and adequate."

1

*Macknight v. Healthcare*, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4, 2021); *accord Dewaldv. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, *8 (S.D. Ohio Feb. 16, 2021). Here, the Court finds that each of these requirements is satisfied. In addition, courts reviewing FLSA settlements must ensure that the attorney's fees and expenses sought to be recovered by Plaintiffs' counsel are reasonable. Here, the settlement provides Plaintiffs' counsel from Barkan Meizlish DeRose Cox, LLP and Brian G. Miller Co., L.P.A. with a total payment of $16,882.63. After reducing this amount by $475.00 in litigation expenses, and additional anticipated expenses of $5,000.00, we are left with $11,407.63 as an attorney's fee, which constitutes thirty-three percent (33%) of the $34,458.47 settlement. This fee is reasonable under the factors described in *Moulton v. US. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Moreover, the fee's reasonableness is further confirmed because the requested fee award is substantially less than Plaintiffs' counsel's actual lodestar fairly attributable to the work performed by Plaintiffs' counsel in connection with Defendant.

    Accordingly, the settlement is **APPROVED** and the claims asserted in this action against Defendants Meck Miller Co. dba Safe Clean. and James Meck are **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over Defendants and the Plaintiffs concerning any disputes pertaining to the enforcement of the settlement.

    **IT IS SO ORDERED**.

                                                                          CHARLES E. FLEMING
                                                                          UNITED STATES DISTRICT JUDGE